UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NOE DARWIN STEPHAN                      CIVIL ACTION NO. 07-cv-1719

VERSUS                                  JUDGE STAGG

WARDEN FRANKLIN PARISH                  MAGISTRATE JUDGE HORNSBY
DETENTION CENTER

**REPORT AND RECOMMENDATION**

**Introduction**

Noe Darwin Stephan ("Petitioner"), together with Steve Tauzin and Misty Ellis, was arrested and charged in connection with the murder of tennis coach Gilbert W. Moore, who was discovered dead inside his Shreveport home. The evidence indicated that Mr. Moore came home and surprised the three defendants, who were burglarizing his home, and the burglars beat Moore to death with a hammer and a crowbar. Tauzin went to trial and, based in large part on testimony from Misty Ellis, he was convicted of second-degree murder and received a mandatory life sentence. State v. Tauzin, 880 So.2d 157 (La. App. 2d Cir. 2004).

Petitioner did not testify at Tauzin's trial, but he did cooperate by providing information to the district attorney in exchange for a grant of use immunity. Tr. 905. Petitioner filed a motion to recuse Judge Leon L. Emanuel, III on the grounds that Judge Emanuel had presided over the Tauzin trial and heard evidence that caused the judge to be concerned with the sufficiency of Petitioner's bond to ensure his appearance. Tr. 919. That motion was denied. The case moved forward, and Petitioner eventually agreed to plead

guilty to a reduced charge of attempted aggravated burglary, which had a maximum statutory sentence of 15 years.

Defense counsel, prior to the entry of the guilty plea, filed a motion and argued for a suspended sentence in light of Petitioner's lack of criminal history, several letters of support, and other factors. It is a common procedure in Louisiana state courts for plea bargains to include an "agreed sentence," but it does not appear there was a bargain between the prosecution and defense for a particular sentence in this case. When the judge raised the issue of sentencing at the plea hearing, both counsel agreed that the sentence would be up to the court.

Defense counsel asked to complete the entry of the plea and then proceed to issues surrounding the sentence. The judge nonetheless began addressing Petitioner about the sentence he would receive. The judge stated:

> THE COURT: But I will tell you before we go any further, I have considered the [sentencing] memorandum and the attachments [letters of recommendation], but this Court will not give you a suspended sentence, but based upon this Court's appreciation of the totality of the circumstances, **the Court will give you the maximum sentence which is 15 years at hard labor**. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: **Now, having indicated that to you, do you still want to go forward or do you need to talk to your lawyer about it?**

       THE DEFENDANT: Yes, sir.

Tr. 986.

     The judge then proceeded to question Petitioner about his education, ability to understand the charges and his legal rights, and otherwise ensure a knowing and voluntary entry of a guilty plea. After the plea was entered, defense counsel asked the court to reconsider the stated intention to impose a 15-year sentence. Judge Emanuel stated that he relied on the sentencing factors set forth in the Louisiana Code of Criminal Procedure. He added that he had also had the opportunity to preside over the Tauzin trial. He said that he purposely did not conclude that Petitioner actually participated in certain events, but the testimony suggested that Petitioner could be considered a principal (presumably to murder) even though Petitioner was not pleading guilty as such. The judge then stated the following:

> I don't think a person who participates in an offense of this nature that results in the death of a person who comes into his own home, I don't know how much evidence I should articulate that the Court is aware of from other hearings in determining whether or not I should give him a suspended sentence or not, so for any appellate review I'm not articulating at this time any other factors about what this Court knows concerning this matter.

Tr. 992-93.

     Petitioner filed a direct appeal and argued that his sentence was excessive. The appellate court held that the sentence could be reviewed only for constitutional excessiveness, and not for compliance with state statutory sentencing procedures, because the defense did not preserve the right of review by filing a motion to reconsider the sentence.

The appellate court noted that there were few facts in evidence. There was the recitation by the prosecutor of a factual basis. The prosecutor stated only that Petitioner and his co-defendants entered the residence of the victim with the intent to commit a felony and theft while therein, and Petitioner, while therein, attempted to arm himself with a dangerous weapon. The appellate court noted that there were also intensive discovery documents filed in the record that provided details about the brutal and gruesome murder. There was also evidence about how Petitioner had jumped out of a squad car while he was being brought in for questioning, and about how the three suspects fled to Mexico, where Mr. Tauzin was believed to have killed a woman. The appellate court also noted that the trial judge had the benefit of presiding over the companion trial. The court found no constitutional error in the sentence. There was no excuse or justification for Petitioner's role, the victim did not provoke his killing in any way, and the sentence was otherwise supported by the record. State v. Stephan, 880 So.2d 201 (La. App. 2d Cir. 2004).

Petitioner pursued a post-conviction application in state court. He now seeks federal habeas corpus relief. The State has raised a timeliness defense that has arguable merit. The undersigned, however, recommends a resolution of the petition by denying it on the merits and, in part, due to a procedural bar. Should any reviewing judge or court find merit in the petition, the timeliness defense will need to be resolved before habeas relief can be properly granted.

**Evidence Considered at Sentencing**

Petitioner argues that the sentencing judge did not comply with provisions of Louisiana sentencing law, such as La. C. Cr. P. art. 894.1, but mere errors in the application of state sentencing laws are not cognizable in a federal habeas proceeding. Butler v. Cain, 327 Fed. Appx. 455, 457 (5th Cir. 2009); Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987).

One of Petitioner's central arguments is it was improper for the judge to consider evidence that the judge heard when he presided over the Tauzin trial. Petitioner invokes Blakely v. Washington, 124 S.Ct. 2531 (2004) and related Supreme Court decisions and argues that they prohibited the consideration of facts not admitted to by Petitioner or found by a jury in his case. Petitioner argues that the judge should have been confined to a consideration of the facts established on the record of his prosecution.

Judges often rely on evidence such as police reports, pre-sentence reports, and the like when considering the sentence that is to be imposed. Those facts do not have to be admitted to by the defendant or found by a jury to have been proved beyond a reasonable doubt. The Blakely line of decisions hold that it is improper for the trial judge to use facts not admitted or found by a jury to justify a sentence above the statutory maximum. Petitioner was sentenced to precisely the statutory maximum, so the protections of the Sixth Amendment considered in Blakely are not applicable. See Meridith v. Cain, 2005 WL 1400453, *3 (E.D. La. 2005).

**Violation of Use Immunity**

Petitioner and the prosecution signed an agreement regarding use immunity. Petitioner was warned that he could still be prosecuted, but nothing he said during his interview or grand jury testimony would be used against him in any way. Tr. 905. Petitioner represents that he gave two statements to the prosecutors and gave them examples of two tools that were used in the commission of the crime.

Petitioner argued in his post-conviction application that the sentencing judge's consideration of evidence from the Tauzin trial "likely violated" the grant of use immunity. Petitioner did not point to any specific violations. Tr. 1042-43. The trial court denied the claim. He noted that Petitioner did not testify at the Tauzin trial, and there was no indication that any cooperation he may have furnished to the prosecution served as evidence at Tauzin's trial. He noted that Petitioner had failed to provide any details as to the nature of any statements or information used at the Tauzin trial that, if considered in the sentencing, would run afoul of the use immunity agreement. Tr. 1053. The state appellate court denied a writ application with the observation that Petitioner made only conclusory allegations related to this claim. Tr. 1139.

Petitioner has also failed to articulate in his federal petition any particular violation of the use immunity agreement. He admits that he is unable to specify how evidence derived from his statements might have been used at the Tauzin trial (and then used against him via consideration at his sentencing), but he says that is because he has not had the opportunity

to review a copy of the Tauzin trial transcript. Petitioner has been able, however, to review the detailed recitation of the trial testimony that is found in the state appellate court's Tauzin decision, yet he has not been able to present any suggestion that his testimony was somehow used in that trial. Absent a more specific indication that such a violation is likely to be found in the Tauzin transcript, neither the State nor this court is obligated to provide Petitioner a copy of that trial transcript for a mere fishing expedition in search of a post-conviction issue. See Jackson v. Estelle, 672 F.2d 505, 506 (5th Cir. 1982); Lathan v. Sumlin, 2008 WL 5486432 (W.D. La.) 2008.

It does violate the Fifth Amendment privilege against self-incrimination if a person is prosecuted using a statement or testimony that he gave pursuant to a grant of immunity. That is why, in a subsequent criminal prosecution of a person who has given testimony under a grant of immunity, the prosecution has the burden of proving affirmatively that evidence proposed to be used is derived from a legitimate independent source. Kastigar v. U.S., 92 S.Ct. 1653 (1972). Petitioner argues that the sentencing judge's mere reference to the Tauzin trial required the prosecution to then come forward and establish that any evidence the judge might have so considered derived from a legitimate independent source. The prosecution was never asked to attempt to satisfy that burden in the state court proceedings, but there was no objection by Petitioner, and there has yet to be any identification of testimony or other evidence from Petitioner being used in the Tauzin trial. Petitioner now bears the burden in

this habeas proceeding, and he has not presented any specific facts that would warrant further inquiry with respect to this issue.

Petitioner does make one specific argument in this regard in his federal petition: that his mother attended the Tauzin trial and saw the two tools that Petitioner gave to prosecutors. Petitioner contends that the tools were used as exhibits and played a "prominent role" in that trial. A review of the Tauzin appellate decision does not suggest the use of any such exhibits. The autopsy showed that the victim was struck in the head between 12 and 18 times, and the characteristics of most of those wounds were consistent with a claw hammer that police found at the scene. The rest of the victim's body contained evidence of approximately six blows that appeared to have been inflicted by a long, slender object about one-half inch in diameter. Both Misty Ellis and Steve Tauzin testified that those wounds were caused by a crowbar that was thrown from the Shreveport-Barksdale bridge into the Red River, and the crowbar was not presented as evidence at trial.

In any event, Petitioner did not present this claim to the state courts in his post-conviction application. The State argues that Petitioner failed to exhaust his state court remedies with respect to this claim and, because it is now too late to present the claim to a state court, it is procedurally barred from consideration in this habeas proceeding. The State is correct.

To satisfy the exhaustion requirement, Petitioner must have fairly presented the substance of his claim to the state courts. The requirement is not satisfied if he presents new

legal theories or factual claims in his federal claim. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (claim in state court of denial of effective assistance of psychiatric expert did not exhaust a federal claim that counsel was ineffective for failure to introduce such mitigating evidence). The state court must have been provided with a fair opportunity to apply controlling legal principles to the facts that bear upon the claim. Id.

Petitioner did not properly exhaust his claim that tools he provided were used in the Tauzin trial (and that the consideration of evidence from that trial at his sentencing violated his grant of use immunity). Had Petitioner presented the claim to the state courts, the issue could have been explored, perhaps through an evidentiary hearing or by other means, and tested for factual veracity. Petitioner waited, however, to spring this entirely new argument in his federal petition. It is precisely this type of tactic that the exhaustion requirement is designed to avoid. If Petitioner attempted to return to the state courts today and exhaust the claim, he would be met with the two-year limitations period that applies to such claims. La.C.Cr.P. art. 930.8. This court is to consider such claims procedurally barred. Nobles, 127 F.3d at 420; Jones v. Jones, 163 F.3d 285, 296 (5th Cir.1998). The state squarely raised this defense in its memorandum. Petitioner filed a reply, but he did not even attempt to articulate cause and prejudice for his default. Accordingly, this claim is procedurally barred.

**Ineffective Assistance of Counsel**

Petitioner argues that his trial counsel was ineffective because (1) counsel did not file a motion to reconsider the sentence, (2) counsel did not object to the judge basing the

sentence in part on evidence presented in the Tauzin trial, and (3) counsel did not argue that the trial court's consideration of the Tauzin evidence may have violated the grant of use immunity.

Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel. Counsel's performance was deficient only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

When ineffective assistance is alleged in a sentencing proceeding in a state with a discretionary sentencing system such as the one employed by Louisiana, the prejudice prong requires a showing that there is a reasonable probability that, but for counsel's error, the sentence would have been *significantly less harsh*. Spriggs v. Collins, 993 F.2d 85 (5th Cir. 1993); U.S. v. Grammas, 376 F.3d 433, 438 & n.4 (5th Cir. 2004) (holding that Spriggs survived the Supreme Court's abrogation of that prejudice standard in the federal sentencing context). See also Dale v. Quarterman, 533 F.3d 876, 880 (5th Cir. 2008).

Counsel's failure to file a motion to reconsider the trial court's sentence was not deficient performance when it is considered that the trial judge told Petitioner, with no room for doubt, that he would receive a 15-year sentence if he entered a guilty plea. Petitioner then voluntarily entered that plea. Counsel did not fall below the objective standard of

performance by not filing a motion to reconsider the sentence in that setting. In any event, there is no reasonable probability that (1) the trial judge would have changed his mind and imposed a significantly less harsh sentence or (2) the appellate court would have ordered a significant reduction in sentence if the ability to obtain review for state law sentencing errors had been preserved by the filing of such a motion. This may have been Petitioner's first conviction, but it was in connection with an especially brutal homicide for which Petitioner's counsel managed to negotiate a plea bargain that exposed him to no more than 15 years in prison. Given the facts of this case, 15 years appears to be fairly light punishment, and the undersigned sees no reason to believe that a motion to reconsider the sentence was likely to result in a significantly less harsh sentence.

The same is true with respect to Petitioner's arguments that counsel should have objected to the consideration of the Tauzin evidence. As noted above, Petitioner has not presented a legal prohibition on the consideration of such facts in general, and he has not articulated facts to plausibly suggest the sentencing judge's consideration of the Tauzin evidence included the consideration of testimony or other significant evidence that Petitioner provided pursuant to his grant of immunity. There is no reasonable basis to believe that if counsel had raised such objections the result would be a significantly less harsh sentence for Petitioner.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of April, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE